UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEGGY COHEN,

                    Plaintiff,

        -against-

NYPD-HQ COUNTERTERRORISM AND
INTELLIGENCE DIVISION; JOHN DOE,

                    Defendants.

19-CV-9984 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging

that Defendants violated her rights. By order dated November 4, 2019, the Court directed

Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an

amended complaint on January 2, 2020, and the Court has reviewed it. The action is dismissed

for the reasons set forth below.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

# BACKGROUND

In the Court's November 4, 2019 order addressing Plaintiff Peggy Cohen's initial complaint, the Court noted that many of the claims that Plaintiff asserted were irrational and were substantially similar to those that she had filed in other actions that had been dismissed as frivolous. (ECF 4 at 3 (citing *Cohen v. NYPD-HQ Counter Terrorism*, ECF 1:16-CV-3244 (LAP) (S.D.N.Y. May 31, 2016), *aff'd*, No. 16-2408 (2d Cir. Oct. 24, 2016) ("[T]he appeal is DISMISSED because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Nevertheless, because it appeared that Plaintiff might have been attempting to assert claims of excessive force against one or more police officers, none of whom were named as Defendants, the Court granted Plaintiff leave to file an amended complaint.

In her amended complaint, Plaintiff describes her claims as follows:

1. First, ID theft [of] entire wallet removed from my pocket book on an MTA bus going home on a Friday by a crack addict . . . .

2. Strange amounts appeared on my credit card statement.

3. Stalking, computers hacked, some people hung out by my job [engineering site]. Break-ins at home and job. . .

4. Headaches, stings under my feet at the job and aboard trains; report to the police all of the above.

5. FBI-NYC, U.S. Attorney, NYS Senate U.S. Senators Schumer and Gillibrand, U.S. Rep. C. B. Maloney.

6. Drones, Corp. jet, bikers, hoodlums-thugs tracking FDNYC trucks on our block and other locations may be making low noise. Siren, horn, engine running, EMS ambulances will be parked on the side of our street. . .

7. Severe hair loss-six times; broken teeth + cut out gold crown out of my mouth, cuts on my tongue, neck, my back, buttocks . . ., enlarged my feet, dropped my arches, extended my heel bones. Release toxic dust chemical in the air in my home and track me with chemical[s.] Assault back of my head with remote weapons affect[ing] my vision and my body.

(Am. Compl., ECF No. 8, at 6.)

Plaintiff names John Doe and the New York Police Department "HQ Counter-Terrorism and Intelligence Division" as Defendants. She seeks $10 million in damages and asks the Court to "stop all use of hi-tech remote weapons affecting" Plaintiff and her family. (*Id.* at 6.)

Plaintiff also submitted letters notifying the Court that she has been subjected to "electronic torture" and "illegal monitoring and surveillance" for more than eight years. (ECF Nos. 5, 7.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Here, granting Plaintiff further leave to amend the complaint would be futile, and the Court therefore declines to do so.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 10, 2020
          New York, New York

                                     COLLEEN McMAHON
                           Chief United States District Judge